1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  RUSSELL D. GRINER, et al.,                    No. 2:15-CV-0371-KJM-CMK

12                    Plaintiffs,

13          vs.                                    FINDINGS AND RECOMMENDATIONS

14  PNC MORTGAGE COMPANY, et al.,

15                    Defendants.

16  _____/

17          Plaintiffs, who are proceeding pro se, bring this civil action.  Plaintiffs initially

18  brought this action in state court.  The action was removed to this court by Defendant PNC

19  Mortgage Company ("PNC"), a Delaware corporation, based on diversity.  Plaintiffs seek, among

20  other things, to rescind a foreclosure sale of real property located at 100 Estrellita Road, Trinity

21  Center, California, to prevent any future sales, and to quiet title.  Pending before the court is

22  defendant PNC's motion to dismiss (Doc. 5) and motion to strike (Doc. 6).  Also before the court

23  is plaintiffs' motion (Doc. 38) to accept a late-filed opposition to defendant's motion to strike.[1]

24  / / /

25  _____

26          [1]      Attorney Melissa N. Armstrong's motion to withdraw (Doc. 40) is addressed by
    separate order.

1    Defendant persuasively argues that plaintiffs' entre action is barred by res

2    judicata.  Plaintiffs have filed two prior lawsuits in this court concerning the same property and

3    foreclosure sale.  First, plaintiffs filed <u>Griner, et al. v. PNC Bank, et al.</u>, 12-CV-2822-MCE-CMK

4    (<u>Griner I</u>), on November 19, 2012.  Attached to the complaint in <u>Griner I</u> is a deed of trust dated

5    February 6, 2007, reflecting a loan made to plaintiffs in the amount of $420,000.00 secured by

6    real property located at 100 Estrellita Road, Trinity Center, California.  The complaint was

7    dismissed because, among other reasons, it was unintelligible and thus failed to state any claim

8    upon which relief could be granted.  Following defendant's unopposed motion to dismiss, that

9    action was dismissed for failure to state a claim.  Plaintiff's then filed a second action, <u>Griner, et</u>

10    <u>al. v. PNC Mortgage Company, et al.</u>, 14-CV-0890-MCE-CMK (<u>Griner II</u>), on April 10, 2014,

11    which they then voluntarily dismissed on November 3, 2014.

12    Two related doctrines of preclusion are grouped under the term "res judicata."

13    <u>See</u> <u>Taylor v. Sturgell</u>, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008).  One of these doctrines –

14    claim preclusion – forecloses "successive litigation of the very same claim, whether or not

15    relitigation of the claim raises the same issues as the earlier suit."  <u>Id.</u>  Stated another way,

16    "[c]laim preclusion. . . bars any subsequent suit on claims that were raised or could have been

17    raised in a prior action."  <u>Cell Therapeutics, Inc. v. Lash Group, Inc.</u>, 586 F.3d 1204, 1212 (9th

18    Cir. 2009).  "Newly articulated claims based on the same nucleus of facts are also subject to a

19    res judicata finding if the claims could have been brought in the earlier action."  <u>Stewart v. U.S.</u>

20    <u>Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002).  Thus, claim preclusion prevents a plaintiff from

21    later presenting any legal theories arising from the "same transactional nucleus of facts."  <u>Hells</u>

22    <u>Canyon Preservation Council v. U.S. Forest Service</u>, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

23    The party seeking to apply claim preclusion bears the burden of establishing the

24    following: (1) an identity of claims; (2) the existence of a final judgment on the merits; and

25    (3) identity or privity of the parties.  <u>See</u> <u>Cell Therapeutics</u>, 586 F.3d at 1212; <u>see also</u>

26    <u>Headwaters, Inc. v. U.S. Forest Service</u>, 399 F.3d 1047, 1052 (9th Cir. 2005).  Determining

1   whether there is an identify of claims involves consideration of four factors: (1) whether the two

2   suits arise out of the same transactional nucleus of facts; (2) whether rights or interests

3   established in the prior judgment would be destroyed or impaired by prosecution of the second

4   action; (3) whether the two suits involve infringement of the same right; and (4) whether

5   substantially the same evidence is presented in the two actions.  See ProShipLine, Inc. v. Aspen

6   Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010).  Reliance on the first factor is especially

7   appropriate because the factor is "outcome determinative."  Id. (quoting Mpoyo v. Litton Electro-

8   Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)).

9           In this case, there is clearly an identity of the parties as the parties to both Griner I

10  and this case are exactly the same.  There is also an identity of claims to the extent both actions

11  involve the same transactional nucleus of facts, specifically the foreclosure of the Estrellita Road

12  property, and plaintiffs could have raised any claims asserted in this case in Griner I.  Finally,

13  because a dismissal for failure to state a claim upon which relief can be granted constitutes a final

14  judgment on the merits for purposes of res judicata, see Stewart v. U.S. Bankcorp, 297 F.3d 953,

15  956 (9th Cir. 2002) (citing Federated Dep't Stores v. Motie, 452 U.S. 394 n.3 (1981), the

16  dismissal of plaintiffs' claims in Griner I has preclusive effect on the current action.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

Based on the foregoing, the undersigned recommends that:

1.      Defendant's motion to dismiss (Doc. 5) be granted;

2.      Defendant's motion to strike (Doc. 6) be denied as moot;

3.      Plaintiffs' motion (Doc. 38) to accept a late-filed opposition to defendant's motion to strike be denied as moot; and

4.      The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:  August 18, 2015

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE